# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MIKE UNDERWOOD,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1384**  (BOR Appeal No. 2047226)
(Claim No. 2011027397)

**CITY OF BLUEFIELD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mike Underwood, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Bluefield, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2012, in which the Board affirmed a May 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 24, 2011, decision denying Mr. Underwood's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Underwood worked as a truck driver for City of Bluefield. On January 3, 2011, he was allegedly injured when he was plowing snow and slipped on ice while getting out of his truck in a parking lot maintained by the city. In December of 2010, Khalid Razzaq, M.D., referred Mr. Underwood for an EMG based on pain in his arms and numbness in his hands. In an EMG report dated January 5, 2011, Dr. Razzaq noted Mr. Underwood had neck pain and numbness in his hands. The test revealed mild bilateral ulnar neuropathy across the elbow. Dr.

1

Razzaq then ordered an MRI on January 5, 2011. An MRI, taken on January 11, 2011, revealed a herniated cervical disc and cord compression of the spine. The claims administrator denied Mr. Underwood's workers' compensation application.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Underwood did not suffer an injury in the course of and as a result of employment on January 3, 2011. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Underwood disagrees and asserts that the Board of Review is clearly wrong in finding that he did not file a report until January 14, 2011, because he filed an incident report on January 3, 2011, shortly after the incident. Mr. Underwood further asserts that the Board of Review was wrong to conclude that he suffered from prior neck pain because that is a misstatement or mischaracterization of the evidence and there is evidence that proves no prior neck pain. The City of Bluefield maintains that Mr. Underwood's neck condition is pre-existing, that he was already scheduled for an EMG before the alleged incident, and that the medical records from early January of 2011 do not mention the alleged incident.

The Office of Judges made a misstatement of the evidence and was clearly wrong in denying Mr. Underwood's claim. In finding that a preponderance of the evidence does not support holding the claim compensable, the Office of Judges reasoned that Dr. Razzaq was concerned with the cervical spine in December of 2010 based on his request for an MRI. This is not an accurate statement. Dr. Razzaq did not request an MRI until January 11, 2011, after the January 3, 2011, work-related incident and after an EMG was performed on January 5, 2011. The MRI on January 11, 2011, revealed a herniated disc and cord compression.

West Virginia Code § 23-4-1 (2009) requires a claimant to prove he or she suffered a personal injury in the course of employment and resulted from his or her employment. Mr. Underwood was plowing snow for the City of Bluefield when he walked around his truck and slipped on ice on January 3, 2011. He reported the injury to his employer within the required time frame under West Virginia Code § 23-4-15(a) (2010). Mr. Underwood had an anterior cervical microdiscectomy and interbody fusion performed by Abed Koja, M.D., on January 25, 2011. Mr. Underwood testified that his neck pain went away after the surgery and he was able to return to work. However, Mr. Underwood also testified that he still has the same pain in his arms that existed before the January 3, 2011, incident. He stated this pain has not improved since the surgery and is not related to the work injury. He further testified that he did not tell Dr. Koja that he had prior neck pain and that he had no problems with his neck prior to January 3, 2011. On the physician portion of the workers' compensation application, Dr. Koja concluded that Mr. Underwood's neck was an occupational injury and found a diagnosis of herniated cervical disc. Mr. Underwood has proved by a preponderance of the evidence that he suffered an injury in the course of and as a result of his employment on January 3, 2011. Therefore, this Court reverses the Board of Review and remands with instructions to hold Mr. Underwood's injury compensable.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision

of the Board of Review is reversed and remanded with instructions to hold Mr. Underwood's injury compensable.

                                                        Reversed and Remanded.

**ISSUED:  July 2, 2014**


**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin